ACCEPTED
15-25-00009-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/4/2025 10:06 AM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00009-CV

_____

IN THE COURT OF APPEALS FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/4/2025 10:06:08 AM
CHRISTOPHER A. PRINE
Clerk

_____

SAMMY TAWAKKOL,
APPELLANT,

V.

SHEILA VASQUEZ & FREEMAN MARTIN,
APPELLEES.

_____

ON APPEAL FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY, TEXAS
TRIAL COURT CAUSE NO. D-1-GN-24-001566

_____

## APPELLEES' BRIEF

_____

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for
Civil Litigation

**SHANNA E. MOLINARE**
Chief, Law Enforcement Defense

**CHRISTOPHER LEE LINDSEY***
Assistant Attorney General
Texas State Bar No. 24065628
christopher.lindsey@oag.texas.gov

Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2157

*Attorney in Charge

**Oral Argument Not Requested**

**Appellant**

Sammy Tawakkol

Represented by:   Richard Gladden
Law Office of Richard Gladden
1204 West University Drive, Suite 307
Denton, Texas 76201
940-232-9300; richscot1@hotmail.com

**Appellees**

Sheila Vasquez
Freeman Martin

Represented by:   Christopher Lee Lindsey
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
512-463-2157; christopher.lindsey@oag.texas.gov

# TABLE OF CONTENTS

Statement of the Case ........................................................................................ 6

Statement Regarding Oral Argument ................................................................ 8

Issues Presented For Review............................................................................. 8

Statement of Facts ............................................................................................ 8

Summary of the Argument................................................................................ 8

Argument........................................................................................................... 9

    I.    *Res Judicata* ..................................................................................... 9

    II.   Collateral Estoppel........................................................................ 13

    III.  *Ultra Vires* & Code of Criminal Procedure Chapter 62............... 15

Conclusion....................................................................................................... 17

Certificate of Service...................................................................................... 18

Rule 9.4(i) Certificate of Compliance........................................................... 18

# INDEX OF AUTHORITIES

**Case Law**

Barr v. Resolution Trust Corp.,
  837 S.W.2d 627 (Tex. 1992)................................................................................ 9

Citizens Ins. Co. of Am. v. Daccach,
  217 S.W.3d 430 (Tex. 2007)...............................................................................10

Engelman Irrigation Dist. v. Shield Bros.,
  514 S.W.3d 746 (Tex. 2017) ........................................................................ 12-13

Houston Belt & Terminal Ry. Co. v. City of Houston,
  487 S.W.3d 154 (Tex. 2016) ..............................................................................18

Igal v. Brightstar Info. Tech. Group,
  250 S.W.3d 78 (Tex. 2008) ............................................................................9-12

Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
  962 S.W.2d 507 (Tex. 1998).............................................................................. 13

Permian Oil Co. v. Smith,
  129 Tex. 413 (Tex. 1937) ...................................................................................10

Sysco Food Servs., Inc. v. Trapnell,
  890 S.W.2d 796 (Tex. 1994) ..............................................................................14

**Statutes**

Tex. Code. Crim. Proc. art. 62.001 ....................................................................... 15

Tex. Code. Crim. Proc. art. 62.003 ................................................................... 15-16

Tex. Code. Crim. Proc. art. 62.052 ....................................................................... 15

**Rules**

Tex. R. App. P. 38.2.............................................................................. 8

This is an appeal of an order granting Appellees' motion to dismiss Appellant's claims for lack of jurisdiction.[1]

Appellant Sammy Tawakkol originally filed suit in federal court seeking to enjoin Appellees from requiring him to register as a sex offender.[2] Tawakkol asserted in federal court that Appellees were violating his federal constitutional rights *and* that Appellees acted *ultra vires* in contravention of state law.[3] The federal district court granted the injunction, finding (1) that Tawakkol's offense *is* "a sex offense under the Uniform Code of Military Justice, which, if a valid designation, would trigger the application of SORNA and therefore an extrajurisdictional registrant requirement under Texas law"; but (2) that the U.S. Secretary of Defense lacked congressionally delegated authority to validly make such a designation.[4]

The United States Court of Appeals for the Fifth Circuit vacated the injunction.[5] In its opinion, the Fifth Circuit affirmed the lower court's factual finding that Tawakkol's conviction was designated by the Secretary of Defense as a qualifying "sex offense," and so "as a result of this conviction, Tawakkol was

---

[1]     Clerk's Record (hereafter C.R.) 72.
[2]     See Appellant's Appendix 3.
[3]     C.R. 9.
[4]     See Appellant's Appendix 3 (Section III.A.).
[5]     C.R. 30-31.

required to register as a sex offender under SORNA."[6] The Fifth Circuit then pointed out that the district court attacked only a federal law and a nonparty federal official in order to achieve its result.[7] The injunctive relief sought and obtained by Tawakkol "prohibited [Appellees] from enforcing a state law merely because it was *consistent* with ... *federal* law."[8] "Such novel relief" falls well outside any recognized exception permitting suit against state actors, and so "sovereign immunity bars Tawakkol's claims."[9]

After unsuccessfully attempting to revive his federal suit on remand,[10] Tawakkol filed this suit, which asks for the exact same relief, against the exact same parties, minus only his previous federal constitutional theory.[11] Appellees filed a motion to dismiss for lack of jurisdiction, asserting *res judicata*, lack of any statutory cause of action, and collateral estoppel.[12] On January 2, 2025, the district court granted the motion to dismiss on all three grounds.[13] This appeal followed.[14]

---

[6]     C.R. 34.
[7]     C.R. 38-40.
[8]     C.R. 38 (emphases in original).
[9]     C.R. 38-40.
[10]    C.R. 44-46.
[11]    C.R. 3-12.
[12]    C.R. 17-26.
[13]    C.R. 72.
[14]    C.R. 73-74.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees disagree with Appellant and assert that oral argument will not significantly aid the Court in deciding this case. This case does not feature any "relatively complex legal issues," but involves undisputed material facts and basic, well-settled doctrines of law.

## ISSUES PRESENTED FOR REVIEW

Appellees are satisfied with Appellant's statement of the issues presented, and therefore decline to provide their own, pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(B).

## STATEMENT OF FACTS

Appellees are satisfied with Appellant's statement of facts, and therefore decline to provide their own, pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(B).

## SUMMARY OF THE ARGUMENT

The district court properly granted the motion to dismiss on all three grounds asserted by Appellees. First, there has been a prior final judgment on the merits by a court of competent jurisdiction, involving the same claims and the same parties, and so this suit is barred by the doctrine of *res judicata*. Second, the facts sought to be litigated in this matter were fully and finally litigated in federal court, the factual

findings were essential to that judgment, and the parties were identical in both actions. Tawakkol is therefore forbidden by the doctrine of collateral estoppel from relitigating the issues raised in federal court in a state district court. Third, even if this matter had not been fully and finally litigated in federal court, extrajurisdictional sex offenders like Tawakkol are not provided any cause of action under Texas law to challenge their registration requirement, because they have already received due process in their convicting jurisdiction.

For any one of these reasons, the district court lacked any jurisdiction to hear Tawakkol's claims, and properly dismissed.

## ARGUMENT

### I.    *Res Judicata*

In courts of law, plaintiffs generally cannot pursue a remedy to an unfavorable conclusion and then pursue the same remedy in another proceeding before the same or a different tribunal.[15] The doctrine of *res judicata* bars the relitigation of claims that have been finally adjudicated or could have been litigated in the prior action.[16] *Res judicata* applies when the following elements are present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in

---

[15]    Igal v. Brightstar Info. Tech. Group, Inc., 250 S.W.3d 78, 86 (Tex. 2008) (superseded by statute on other grounds).

[16]    Id. (citing Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992)).

privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.[17]

> The principle of res adjudicata is founded in public policy and is as old as English jurisprudence. Fundamentally its purpose is to expedite justice by putting an end to litigation; and to preserve the sanctity of the judgments of the courts by making them immune from collateral attack. Once a court has exercised its functions of decision on an issue over which it has jurisdiction, and that decision becomes final, the parties thereto and their privies cannot escape its binding effect. Lacking this anchorage of finality a judicial system would be little more than a rule of fiat.[18]

Tawakkol attempts to avoid the obvious application of *res judicata* to his claims by asserting extremely contrived, and inherently contradictory, theories concerning "judgment on the merits." Most prominently, Tawakkol asserts that the federal district court ruled "on the merits," and that the Fifth Circuit's vacatur did not "disturb" the merits ruling, but only jurisdiction.[19] Tawakkol seems not to understand, however, that what became of the federal district court's ruling on appeal is somewhat beside the point. Tawakkol's dogged, quixotic defense of the federal court's ruling merely demonstrates the pertinent fact that there was (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) involving

---

[17] Id. (citing Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 430, 449 (Tex. 2007)).
[18] Permian Oil Co. v. Smith, 129 Tex. 413, 448 (Tex. 1937).
[19] C.R. 9-10; R.R. 13-15; Appellant's Brief at 2.

the same parties; and (3) this second action is based on the same claims as were raised or could have been raised in the first action.[20]

Tawakkol relatedly, but contradictorily, claims that *res judicata* does not apply because the federal courts *never* reached the merits of his claim *because* the Fifth Circuit found a lack of jurisdiction.[21] Tawakkol cites a footnote in the Fifth Circuit's opinion.[22] But, as the Fifth Circuit's opinion makes clear, the "merits" to which the footnote refers is not Tawakkol's claims, but the Secretary of Defense's decision to list Tawakkol's crime as a registerable sex offense.[23] The Fifth Circuit plainly did reach the merits of Tawakkol's claims and found no jurisdiction to hear them – not because they belong in state versus federal court, but because a litigant cannot force state actors to defy state law that conforms with federal law.[24]

Tawakkol makes a third incongruous stab at "merits," claiming that the only ruling from the federal courts relevant to the *res judicata* analysis is the district court's final judgment on remand.[25] Tawakkol claims that because the district court refused to "reach the merits" – again – apparently no merits ruling ever happened and he is free to pursue the same claims against the same parties in state court.

---

[20]     Igal, 250 S.W.3d at 86.
[21]     Appellant's Brief at 9.
[22]     Id. (citing C.R. 38).
[23]     C.R. 38.
[24]     C.R. 38-40.
[25]     Appellant's Brief at 11-12.

Tawakkol's efforts to justify circumventing one of the oldest doctrines in Anglo-American law by toying with the concept of "merits" are, of course, nonsense. His identical claims, fully and finally litigated against the identical parties, simply cannot regenerate and proceed in state court.

It must be noted that under Texas law *res judicata* traditionally does not apply when the first tribunal lacked "subject-matter jurisdiction."[26] The Texas Supreme Court has held, however, that although sovereign immunity is a jurisdictional bar to suit, it does not equate to a lack of subject-matter jurisdiction for *res judicata* purposes.[27]

> It is one thing to characterize sovereign immunity as jurisdictional so as to provide a defendant with certain procedural advantages in an ongoing case, such as avoiding a waiver of the defense or allowing a challenge of the immunity ruling by interlocutory appeal … [H]owever, we are asked to jettison the foundational principle of res judicata, by allowing [plaintiffs] to reopen a final judgment that would otherwise operate as claim preclusion. We decline to allow this result. Such a result is not compelled by our precedent, and goes against the trend in our State and elsewhere of limiting the vulnerability of final judgments to attack on grounds that the trial court lacked subject-matter jurisdiction. Further, such a result undermines respect for the finality of judgments, an anchoring principle of any functioning and efficient judicial system.[28]

---

[26]  Igal, 250 S.W.3d at 82.
[27]  Engelman Irrigation Dist. v. Shield Bros., 514 S.W.3d 746, 750-53 (Tex. 2017).
[28]  Id. at 753.

Tawakkol's attempts to distinguish <u>Engelman</u> are baffling.[29] The fact of the matter is that Tawakkol's suit failed because Appellees are entitled to sovereign immunity, and because there is no exception to such immunity for Tawakkol's claims, courts lack subject matter jurisdiction.[30]

The elements of *res judicata* are satisfied in this matter. There was a prior final judgment of Tawakkol's claims in federal court, admittedly on the merits, which was then vacated because there is no exception to sovereign immunity permitting these claims to proceed. The parties to this action and the previous federal action are the same.[31] And this action is admittedly based upon the same claims that were raised or could have been raised in the previous federal action.[32] This action is therefore barred by *res judicata* and was properly dismissed for lack of jurisdiction.

## II. Collateral Estoppel

Collateral estoppel, or issue preclusion, forbids relitigating issues decided in a previous action even if the later action is based on a different claim.[33] A party asserting issue preclusion must establish: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) the factual findings

---

[29]   Appellant's Brief at 10-12.
[30]   C.R. 32-40.
[31]   <u>Compare</u> C.R. 3 and Appellant's Appendix 2.
[32]   C.R. 9.
[33]   <u>Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.</u>, 962 S.W.2d 507, 521 (Tex. 1998) (superseded by statute on other grounds).

were essential to the judgment; and (3) the party against whom the doctrine is asserted was either the same party or in privity with a party in the first action.[34]

Tawakkol's asserted *ultra vires* act in this matter is the determination that he must register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure.[35] The federal courts, however, previously decided this exact issue, finding that in compelling Tawakkol to register, Appellees are "following state law that comports with federal law."[36] This factual finding was fully and fairly litigated, as previously discussed. This factual finding was obviously essential to the federal courts' ultimate determination: "Accordingly, because Defendants were entitled to sovereign immunity for following state law that comports with federal law, the Fifth Circuit instructed the Court to dismiss this case for lack of (subject matter) jurisdiction."[37] And, as previously discussed, the parties to this and the previous federal litigation are the same. Collateral estoppel therefore applies to any claim premised upon an assertion that Appellees are acting outside of the law, and the lower court properly found that it has no jurisdiction to proceed thereon.

---

[34]    Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801-02 (Tex. 1994).
[35]    C.R. 7.
[36]    C.R. 40, 46.
[37]    C.R. 46.

## III.    *Ultra Vires* & Code of Criminal Procedure Chapter 62.

In his petition Tawakkol specifically invokes Texas Code of Criminal Procedure Article 62.003(c) as the basis for the jurisdiction of the trial court.[38] This provision permits "[a]n appeal of a determination made under *this article* [to] be brought in a district court in Travis County."[39] Article 62.003, however, exclusively applies to determinations of whether an offense under laws other than Texas' are "substantially similar to the elements of an offense under the laws of this state."[40] Tawakkol is not required to register as a sex offender under the "substantially similar" provisions of Article 62.003, and therefore has no determination that could be appealed under Subsection 62.003(c).

Tawakkol is admittedly required to register as an "extrajurisdictional registrant," as defined by Article 62.001(10).[41] This registration requirement arises under Article 62.052, which explicitly adopts the registration requirements of the convicting jurisdiction and lacks any appeal process. There is no cause of action provided under Texas law to challenge "extrajurisdictional" registration because, as well-illustrated by this case, Texas is only enforcing another jurisdiction's finalized

---

[38]    C.R. 5, 11.
[39]    Emphasis added.
[40]    Tex. Code Crim. Proc. art. 62.003(a).
[41]    See C.R. at 5. See also Tex. Code Crim. Proc. Art 62.001(10)(a)(ii) ("'Extrajurisdictional registrant' means a person who is required to register as a sex offender under federal law or the Uniform Code of Military Justice" (colons omitted)).

determination.[42] If Tawakkol or any other extrajurisdictional sex offender takes issue with his requirement to register, he must sue the person actually responsible for that requirement. For Tawakkol, that person is the Secretary of Defense.[43]

In this appeal Tawakkol abruptly disavows 62.003(c), going so far as to call it "irrelevant" to his claim.[44] This bizarre tactic, of course, rescinds the only jurisdictional basis for suit asserted in the complaint, and effectively concedes the validity of the dismissal. Nonetheless, Tawakkol insists that he can proceed on an "*ultra vires*" claim in the absence of any "statutory right to appeal," by baldly asserting that Appellees have no authority to require him to register.[45] But Tawakkol has never come remotely close to properly pleading any cognizable *ultra vires* claim.[46] Even if he had, the Fifth Circuit has made clear that Appellees *do* have the legal authority – indeed, the duty – to compel Tawakkol's registration.[47]

As was made clear in the previous federal litigation, Tawakkol can only obtain the relief he seeks by challenging federal officials and federal law. Appellees, as state actors, are merely enforcing federal law by requiring Tawakkol to register as a sex

---

[42] C.R. 32-40.
[43] C.R. 34-35, 39-40.
[44] Appellant's Brief at 25.
[45] Id.
[46] See C.R. at 3-11; Houston Belt & Terminal Ry. Co. v. City of Houston, 487 S.W.3d. 154, 158 (Tex. 2016).
[47] C.R. 32-40.

offender as a result of his UCMJ sex offense. There is no provision under Texas law permitting Tawakkol to challenge Appellees' statutorily mandated actions in doing so. Tawakkol lacks any cognizable cause of action under Texas law to pursue the relief he seeks, and the lower court properly found that it lacked jurisdiction.

## CONCLUSION

Sheila Vasquez and Freeman Martin respectfully request that this Court affirm the lower court's order granting their motion to dismiss.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Assistant Attorney General Chief, Law Enforcement Defense Division

*/s/ Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General
Texas State Bar No. 24065628
christopher.lindsey@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL**
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2157 / (512) 370-9410 (Fax)

**ATTORNEYS FOR APPELLEES**

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER LEE LINDSEY**, do hereby certify that a true and correct copy of the foregoing has been electronically served on all parties on this 4th day of June, 2025, in accord with Texas Rule of Appellate Procedure 9.5(b)(1).

*/s/ Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

## RULE 9.4(I) CERTIFICATE OF COMPLIANCE

I certify that this computer-generated document, accounting for Rule 9.4(i)(1)'s inclusions and exclusions, is 2012 words, as calculated by Microsoft Office 365, the computer program used to prepare this document.

*/s/ Christopher Lee Lindsey*
**CHRISTOPHER LEE LINDSEY**
Assistant Attorney General

**APPENDIX**


# TAB 1:

# Texas Code of Criminal Procedure Article 62.001

CODE OF CRIMINAL PROCEDURE

TITLE 1. CODE OF CRIMINAL PROCEDURE

CHAPTER 62.  SEX OFFENDER REGISTRATION PROGRAM

SUBCHAPTER A.  GENERAL PROVISIONS

Art. 62.001.  DEFINITIONS.  In this chapter:

(1)  "Department" means the Department of Public Safety.

(2)  "Local law enforcement authority" means, as applicable, the office of the chief of police of a municipality, the office of the sheriff of a county in this state, or a centralized registration authority.

(3)  "Penal institution" means a confinement facility operated by or under a contract with any division of the Texas Department of Criminal Justice, a confinement facility operated by or under contract with the Texas Juvenile Justice Department, or a juvenile secure pre-adjudication or post-adjudication facility operated by or under a local juvenile probation department, or a county jail.

(4)  "Released" means discharged, paroled, placed in a nonsecure community program for juvenile offenders, or placed on juvenile probation, community supervision, or mandatory supervision.

(5)  "Reportable conviction or adjudication" means a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on:

(A)  a violation of Section 21.02 (Continuous sexual abuse of young child or disabled individual), 21.09 (Bestiality), 21.11 (Indecency with a child), 22.011 (Sexual assault), 22.021 (Aggravated sexual assault), or 25.02 (Prohibited sexual conduct), Penal Code;

(B)  a violation of Section 43.04 (Aggravated promotion of prostitution), 43.05 (Compelling prostitution), 43.25 (Sexual performance by a child), or 43.26 (Possession or promotion of child pornography), Penal Code;

(B-1)  a violation of Section 43.021 (Solicitation of Prostitution), Penal Code, if the offense is punishable as a felony of the second degree;

(C)  a violation of Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the actor committed the offense or engaged in the conduct with intent to violate or abuse the victim sexually;

(D)  a violation of Section 30.02 (Burglary), Penal Code, if the offense or conduct is punishable under Subsection (d) of that section and the

actor committed the offense or engaged in the conduct with intent to commit a felony listed in Paragraph (A) or (C);

(E)  a violation of Section 20.02 (Unlawful restraint), 20.03 (Kidnapping), or 20.04 (Aggravated kidnapping), Penal Code, if, as applicable:

(i)  the judgment in the case contains an affirmative finding under Article 42.015; or

(ii)  the order in the hearing or the papers in the case contain an affirmative finding that the victim or intended victim was younger than 17 years of age;

(F)  the second violation of Section 21.08 (Indecent exposure), Penal Code, but not if the second violation results in a deferred adjudication;

(G)  an attempt, conspiracy, or solicitation, as defined by Chapter 15, Penal Code, to commit an offense or engage in conduct listed in Paragraph (A), (B), (C), (D), (E), (K), or (L);

(H)  a violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (B-1), (C), (D), (E), (G), (J), (K), or (L), but not if the violation results in a deferred adjudication;

(I)  the second violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of the offense of indecent exposure, but not if the second violation results in a deferred adjudication;

(J)  a violation of Section 33.021 (Online solicitation of a minor), Penal Code;

(K)  a violation of Section 20A.02(a)(3), (4), (7), or (8) (Trafficking of persons), Penal Code; or

(L)  a violation of Section 20A.03 (Continuous trafficking of persons), Penal Code, if the offense is based partly or wholly on conduct that constitutes an offense under Section 20A.02(a)(3), (4), (7), or (8) of that code.

(6)  "Sexually violent offense" means any of the following offenses committed by a person 17 years of age or older:

(A)  an offense under Section 21.02 (Continuous sexual abuse of young child or disabled individual), 21.11(a)(1) (Indecency with a child), 22.011 (Sexual assault), or 22.021 (Aggravated sexual assault), Penal Code;

(B)  an offense under Section 43.25 (Sexual performance by a child), Penal Code;

(C)  an offense under Section 20.04(a)(4) (Aggravated kidnapping), Penal Code, if the defendant committed the offense with intent to violate or abuse the victim sexually;

(D)  an offense under Section 30.02 (Burglary), Penal Code, if the offense is punishable under Subsection (d) of that section and the defendant committed the offense with intent to commit a felony listed in Paragraph (A) or (C) of Subdivision (5); or

(E)  an offense under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice if the offense contains elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), or (D).

(7)  "Residence" includes a residence established in this state by a person described by Article 62.152(e).

(8)  "Public or private institution of higher education" includes a college, university, community college, or technical or trade institute.

(9)  "Authority for campus security" means the authority with primary law enforcement jurisdiction over property under the control of a public or private institution of higher education, other than a local law enforcement authority.

(10)  "Extrajurisdictional registrant" means a person who:

(A)  is required to register as a sex offender under:

(i)  the laws of another state with which the department has entered into a reciprocal registration agreement;

(ii)  federal law or the Uniform Code of Military Justice; or

(iii)  the laws of a foreign country; and

(B)  is not otherwise required to register under this chapter because:

(i)  the person does not have a reportable conviction for an offense under the laws of the other state, federal law, the laws of the foreign country, or the Uniform Code of Military Justice containing elements that are substantially similar to the elements of an offense requiring registration under this chapter; or

(ii)  the person does not have a reportable adjudication of delinquent conduct based on a violation of an offense under the laws of the other state, federal law, or the laws of the foreign country containing elements that are substantially similar to the elements of an offense requiring registration under this chapter.

(11)  "Centralized registration authority" means a mandatory countywide registration location designated under Article 62.0045.

(12)  "Online identifier" means electronic mail address information or

a name used by a person when sending or receiving an instant message, social networking communication, or similar Internet communication or when participating in an Internet chat.  The term includes an assumed name, nickname, pseudonym, moniker, or user name established by a person for use in connection with an electronic mail address, chat or instant chat room platform, commercial social networking site, or online picture-sharing service.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.
Amended by:
    Acts 2005, 79th Leg., Ch. 1273 (H.B. 2228), Sec. 2, eff. June 18, 2005.
    Acts 2007, 80th Leg., R.S., Ch. 593 (H.B. 8), Sec. 3.22(a), eff. September 1, 2007.
    Acts 2007, 80th Leg., R.S., Ch. 593 (H.B. 8), Sec. 3.22(b), eff. September 1, 2007.
    Acts 2007, 80th Leg., R.S., Ch. 593 (H.B. 8), Sec. 3.23, eff. September 1, 2007.
    Acts 2007, 80th Leg., R.S., Ch. 921 (H.B. 3167), Sec. 3.002(a), eff. September 1, 2007.
    Acts 2007, 80th Leg., R.S., Ch. 921 (H.B. 3167), Sec. 3.002(b), eff. September 1, 2007.
    Acts 2009, 81st Leg., R.S., Ch. 566 (S.B. 2048), Sec. 1, eff. June 19, 2009.
    Acts 2009, 81st Leg., R.S., Ch. 755 (S.B. 689), Sec. 2, eff. September 1, 2009.
    Acts 2011, 82nd Leg., R.S., Ch. 1 (S.B. 24), Sec. 2.10, eff. September 1, 2011.
    Acts 2011, 82nd Leg., R.S., Ch. 91 (S.B. 1303), Sec. 27.001(4), eff. September 1, 2011.
    Acts 2011, 82nd Leg., R.S., Ch. 233 (H.B. 530), Sec. 1, eff. June 17, 2011.
    Acts 2015, 84th Leg., R.S., Ch. 332 (H.B. 10), Sec. 5, eff. September 1, 2015.
    Acts 2015, 84th Leg., R.S., Ch. 734 (H.B. 1549), Sec. 13, eff. September 1, 2015.
    Acts 2017, 85th Leg., R.S., Ch. 685 (H.B. 29), Sec. 15, eff. September 1, 2017.
    Acts 2017, 85th Leg., R.S., Ch. 739 (S.B. 1232), Sec. 5, eff. September 1, 2017.
    Acts 2019, 86th Leg., R.S., Ch. 273 (S.B. 1802), Sec. 1, eff. September 1, 2019.
    Acts 2019, 86th Leg., R.S., Ch. 413 (S.B. 20), Sec. 2.03, eff. September 1,

2019.

Acts 2021, 87th Leg., R.S., Ch. 221 (H.B. 375), Sec. 2.13, eff. September 1, 2021.

Acts 2021, 87th Leg., R.S., Ch. 807 (H.B. 1540), Sec. 36, eff. September 1, 2021.


Art. 62.002.  APPLICABILITY OF CHAPTER.  (a)  This chapter applies only to a reportable conviction or adjudication occurring on or after September 1, 1970.

(b)  Except as provided by Subsection (c), the duties imposed on a person required to register under this chapter on the basis of a reportable conviction or adjudication, and the corresponding duties and powers of other entities in relation to the person required to register on the basis of that conviction or adjudication, are not affected by:

(1)  an appeal of the conviction or adjudication; or

(2)  a pardon of the conviction or adjudication.

(c)  If a conviction or adjudication that is the basis of a duty to register under this chapter is set aside on appeal by a court or if the person required to register under this chapter on the basis of a conviction or adjudication receives a pardon on the basis of subsequent proof of innocence, the duties imposed on the person by this chapter and the corresponding duties and powers of other entities in relation to the person are terminated.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.


Art. 62.003. DETERMINATION REGARDING SUBSTANTIALLY SIMILAR ELEMENTS OF OFFENSE.  (a)  For the purposes of this chapter, the department is responsible for determining whether an offense under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice contains elements that are substantially similar to the elements of an offense under the laws of this state.

(b)  The department annually shall provide or make available to each prosecuting attorney's office in this state:

(1)  the criteria used in making a determination under Subsection (a); and

(2)  any existing record or compilation of offenses under the laws of another state, federal law, the laws of a foreign country, and the Uniform Code of Military Justice that the department has already determined to contain elements that are substantially similar to the elements of offenses under the laws of this state.

(c)  An appeal of a determination made under this article shall be brought

TAB 2:

Texas Code of Criminal Procedure Article 62.003

2019.

Acts 2021, 87th Leg., R.S., Ch. 221 (H.B. 375), Sec. 2.13, eff. September 1, 2021.

Acts 2021, 87th Leg., R.S., Ch. 807 (H.B. 1540), Sec. 36, eff. September 1, 2021.


Art. 62.002.  APPLICABILITY OF CHAPTER.  (a)  This chapter applies only to a reportable conviction or adjudication occurring on or after September 1, 1970.

(b)  Except as provided by Subsection (c), the duties imposed on a person required to register under this chapter on the basis of a reportable conviction or adjudication, and the corresponding duties and powers of other entities in relation to the person required to register on the basis of that conviction or adjudication, are not affected by:

(1)  an appeal of the conviction or adjudication; or

(2)  a pardon of the conviction or adjudication.

(c)  If a conviction or adjudication that is the basis of a duty to register under this chapter is set aside on appeal by a court or if the person required to register under this chapter on the basis of a conviction or adjudication receives a pardon on the basis of subsequent proof of innocence, the duties imposed on the person by this chapter and the corresponding duties and powers of other entities in relation to the person are terminated.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.


Art. 62.003. DETERMINATION REGARDING SUBSTANTIALLY SIMILAR ELEMENTS OF OFFENSE.  (a)  For the purposes of this chapter, the department is responsible for determining whether an offense under the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice contains elements that are substantially similar to the elements of an offense under the laws of this state.

(b)  The department annually shall provide or make available to each prosecuting attorney's office in this state:

(1)  the criteria used in making a determination under Subsection (a); and

(2)  any existing record or compilation of offenses under the laws of another state, federal law, the laws of a foreign country, and the Uniform Code of Military Justice that the department has already determined to contain elements that are substantially similar to the elements of offenses under the laws of this state.

(c)  An appeal of a determination made under this article shall be brought

in a district court in Travis County.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.


Art. 62.004. DETERMINATION REGARDING PRIMARY REGISTRATION AUTHORITY. (a) Except as provided by Subsection (a-1), for each person subject to registration under this chapter, the department shall determine which local law enforcement authority serves as the person's primary registration authority based on the municipality or county in which the person resides or, as provided by Article 62.152, the municipality or county in which the person works or attends school.

(a-1) Notwithstanding any other provision of this chapter, if a person resides or, as described by Article 62.152, works or attends school in a county with a centralized registration authority, the centralized registration authority serves as the person's primary registration authority under this chapter, regardless of whether the person resides, works, or attends school, as applicable, in any municipality located in that county.

(b) The department shall notify each person subject to registration under this chapter of the person's primary registration authority in a timely manner.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.
Amended by:
Acts 2009, 81st Leg., R.S., Ch. 566 (S.B. 2048), Sec. 2, eff. June 19, 2009.


Art. 62.0045. CENTRALIZED REGISTRATION AUTHORITY. (a) The commissioners court of a county may designate the office of the sheriff of the county or may, through interlocal agreement, designate the office of a chief of police of a municipality in that county to serve as a mandatory countywide registration location for persons subject to this chapter.

(b) Notwithstanding any other provision of this chapter, a person subject to this chapter is required to perform the registration and verification requirements of Articles 62.051 and 62.058 and the change of address requirements of Article 62.055 only with respect to the centralized registration authority for the county, regardless of whether the person resides in any municipality located in that county. If the person resides in a municipality, and the local law enforcement authority in the municipality does not serve as the person's centralized registration authority, the centralized registration authority, not later than the third day after the date the person registers or verifies registration or changes address with that authority, shall provide to

TAB 3:

Texas Code of Criminal Procedure Article 62.052

from a penal institution without being released to parole or placed on any other form of supervision and the person does not move to the address indicated on the registration form as the person's intended residence or does not indicate an address on the registration form, the person shall, not later than the seventh day after the date on which the person is released:

      (1)  report in person to the local law enforcement authority for the municipality or county, as applicable, in which  the person is residing and provide that authority with the address at which the person is residing or, if the person's residence does not have a physical address, a detailed description of the geographical location of the person's residence; and

      (2)  until the person indicates the person's current address as the person's intended residence on the registration form or otherwise complies with the requirements of Article 62.055, as appropriate, continue to report, in the manner required by Subdivision (1), to that authority not less than once in each succeeding 30-day period and provide that authority with the address at which the person is residing or, if applicable, a detailed description of the geographical location of the person's residence.

  (k)  A person required to register under this chapter may not refuse or otherwise fail to provide any information required for the accurate completion of the registration form.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.
Amended by:
    Acts 2009, 81st Leg., R.S., Ch. 661 (H.B. 2153), Sec. 2, eff. September 1, 2009.
    Acts 2009, 81st Leg., R.S., Ch. 755 (S.B. 689), Sec. 5, eff. September 1, 2009.
    Acts 2011, 82nd Leg., R.S., Ch. 91 (S.B. 1303), Sec. 6.005, eff. September 1, 2011.
    Acts 2015, 84th Leg., R.S., Ch. 734 (H.B. 1549), Sec. 17, eff. September 1, 2015.
    Acts 2017, 85th Leg., R.S., Ch. 685 (H.B. 29), Sec. 17, eff. September 1, 2017.
    Acts 2023, 88th Leg., R.S., Ch. 351 (S.B. 1179), Sec. 9, eff. September 1, 2023.


    Art. 62.052.  REGISTRATION:  EXTRAJURISDICTIONAL REGISTRANTS.  (a)  An extrajurisdictional registrant is required to comply with the annual verification requirements of Article 62.058 in the same manner as a person who is required to verify registration on the basis of a reportable conviction or

adjudication.

(b)  The duty to register for an extrajurisdictional registrant expires on the date the person's duty to register would expire under the laws of the other state or foreign country had the person remained in that state or foreign country, under federal law, or under the Uniform Code of Military Justice, as applicable.

(c)  The department may negotiate and enter into a reciprocal registration agreement with any other state to prevent residents of this state and residents of the other state from frustrating the public purpose of the registration of sex offenders by moving from one state to the other.

Reenacted and amended by Acts 2005, 79th Leg., Ch. 1008 (H.B. 867), Sec. 1.01, eff. September 1, 2005.


Art. 62.053.  PRERELEASE NOTIFICATION.  (a)  Before a person who will be subject to registration under this chapter is due to be released from a penal institution, the Texas Department of Criminal Justice or the Texas Juvenile Justice Department shall determine the person's level of risk to the community using the sex offender screening tool developed or selected under Article 62.007 and assign to the person a numeric risk level of one, two, or three.  Before releasing the person, an official of the penal institution shall:

(1)  inform the person that:

(A)  not later than the later of the seventh day after the date on which the person is released or after the date on which the person moves from a previous residence to a new residence in this state or not later than the first date the applicable local law enforcement authority by policy allows the person to register or verify registration, the person must register or verify registration with the local law enforcement authority in the municipality or county in which the person intends to reside;

(B)  not later than the seventh day after the date on which the person is released or the date on which the person moves from a previous residence to a new residence in this state, the person must, if the person has not moved to an intended residence, report to the applicable entity or entities as required by Article 62.051(h) or (j) or 62.055(e);

(C)  not later than the seventh day before the date on which the person moves to a new residence in this state or another state, the person must report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person;

(D)  not later than the 10th day after the date on which the person

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jill Couey on behalf of Christopher Lindsey
Bar No. 24065628
Jill.Couey@oag.texas.gov
Envelope ID: 101596383
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellees Brief_Complete
Status as of 6/4/2025 10:17 AM CST

Associated Case Party: Sammy Tawakkol

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Gladden | | richscot1@hotmail.com | 6/4/2025 10:06:08 AM | SENT |
| Terri Sparks | | terri.with.gladdenlaw@gmail.com | 6/4/2025 10:06:08 AM | SENT |

Associated Case Party: Steven McCraw

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher Lindsey | 24065628 | Christopher.Lindsey@oag.texas.gov | 6/4/2025 10:06:08 AM | SENT |

Associated Case Party: Sheila Vasquez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christopher Lindsey | 24065628 | Christopher.Lindsey@oag.texas.gov | 6/4/2025 10:06:08 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Eric Abels | | Eric.Abels@oag.texas.gov | 6/4/2025 10:06:08 AM | SENT |
| Nicholas Larkin | | nicholas.larkin@oag.texas.gov | 6/4/2025 10:06:08 AM | SENT |